## Union Cotton Company v. Bondurant.

(Decided May 25, 1920.)

### Appeal from Fulton Circuit Court.

1. **Damages—Loss of Profits.**—The loss of anticipated profits, which are remote, conjectural and speculative, is not an element of recoverable damages, but, profits which are capable of legal ascertainment may be recovered, in an action for damages, especially where a breach of a contract is involved, and the parties, when making the contract, contemplated the loss of profits as being an element of the damages, which would grow out of a violation of the contract.

2. **Judicial Sales—Attachment Lien Upon Land.**—No more of the real estate of a debtor should be adjudged to be sold in satisfaction of a judgment, than is necessary, unless it appears that

the parcel of real estate upon which the lien exists, is not susceptible of practical division.

ROBBINS & ROBBINS for appellant.

W. J. WEBB for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming the judgment for the recovery of damages, but reversing the judgment sustaining the attachment.

In this action there has been an appeal from two judgments of the circuit court, one by which the appellee, C. T. Bondurant, was adjudged to recover from appellant, Union Cotton Company, the sum of twelve hundred dollars ($1,200.00) and the other was a judgment which sustained the attachment upon the property of the appellant and adjudged a sale of it to satisfy the judgment.

The appellee, C. T. Bondurant, brought this action against the appellant, Union Cotton Company, averring that the latter had broken a contract, between him and it, by which he had leased from it a cotton gin and appurtenances, for a term beginning July 1st, 1916, and ending June 30, 1917, and for which he had agreed to pay it the sum of twelve hundred dollars ($1,200.00). The negotiations between the parties had commenced by parol, but were completed by an exchange of letters and culminated in the making of a contract which was reduced to writing and subscribed by each of the parties. The writing contained a clause as follows:

"The Union Cotton Company agrees to put the cotton gin machinery and scales in good working condition, said work to be inspected and accepted by C. T. Bondurant as soon as repairs are completed, not later than August 1st, 1916."

The written memorial of the contract was prepared in duplicate and subscribed by appellant and forwarded by mail to appellee, who in turn subscribed the copies and retaining one, returned the other to appellant, and about the same time forwarded to it three negotiable promissory notes by which he promised to pay the rental in three equal installments, October 1st, January 1st, and April 1st, following. The appellant accepted the notes and before either of them became due, assigned them to another. While it is insisted by appellant, upon this appeal, that the contract by reason of a letter from

appellee which accompanied the return of the written contract to appellant and the reply thereto by appellant, was, that the appellee should make any repairs necessary after the first of August, and after repairs had been made by appellant, previous to that time, and at his own cost. This contention does not appear in the pleadings, which admit the contract touching the duty of putting the machinery of the gin and the scales in good working condition, to be as stated in the above quoted clause of the writing subscribed by both parties, and besides neither party appears to have ever accepted the construction placed upon this clause of the writing by the other, in the letters referred to, but to have proceeded under the contract as written and subscribed.

The breach of the contract upon which appellee relied for the recovery of damages, was the alleged failure by appellant to put the machinery of the gin, which was greatly in need of repair into good working condition, either before August 1st or at any time thereafter, and hence, that under the terms of the contract the repairs had never been in such a state of completion as to require him to accept them as having put the plant in a good working condition, and that on that account he had never done so, and that although appellant had in the first days of July placed workmen in repairing the plant, it had never so repaired it, as to put it in good working condition, and that he had so notified the agent of appellant in charge of the work, that he would not accept the repairs, as made, as putting the plant in the condition required by the contract, and thereafter appellant never complied with its covenant to make the necessary repairs and appellee did not know that the plant was not in good working condition until he undertook to operate it after the ginning season for 1916 had commenced, when he found that the plant was entirely unfit for ginning purposes and not in working condition, and this was at so late a period in the season that he was not able to secure or provide himself with other means of ginning during that season, nor to have repaired the appellant's gin, if he had desired to do so, and because of that fact he lost profits which he could and would have made in ginning cotton during the season, which amounted, as he claimed, to the sum of eighteen hundred dollars ($1,800.00). Upon the other hand, the appellant denied that it failed, before August 1st, to put the plant in good working condition,

and claimed affirmatively that it did put the machinery of the gin and the scales in such condition and had them in such condition by the 14th day of July, at which time the appellee accepted the plant as having been put in the condition required by the contract. The appellant denied all the averments of damages made by the appellee, and also, set up a counterclaim for damages, based upon the stipulation in the contract, that appellee, at the end of the term of the lease, would return the property to appellant in as good condition as he received it, ordinary wear and damages from fire excepted, and in violation of the stipulation, he had negligently permitted it to become greatly injured and damaged in the sum of one thousand dollars ($1,000.00). The affirmative allegations of appellant's answer, were by agreement controverted upon the record.

The issues raised by the pleadings were determined by the jury under instructions which submitted the theory of each party to it, and resulted in a finding for appellee in the sum of twelve hundred dollars ($1,200.00) and a judgment of the court accordingly.

The Union Cotton Company appeals from the judgment and urges that the court erred in overruling its motion for a directed verdict at the close of the evidence for appellee, and at the close of all the evidence, upon two grounds. The first of the grounds relied upon is that the damages sought, and for which the appellee recovered a judgment, were on account of the loss of profits, which character of recovery is not allowed, because the evidence of such recovery is uncertain, contingent and speculative. It may be conceded that the only element of damage which appellee, by his petition, sought to recover was the profits which he could and would have realized from the ginning of cotton during the ginning season, within the terms of the lease, if the plant had been put into good working condition by appellant, and which he lost by the failure of appellant to comply with its contract in that respect. He also averred, that when the contract was made for the lease of the property, that appellant knew his purpose in procuring the lease was to operate the gin during the following season for ginning cotton. He testified upon the trial to having given appellant such information of his intention, during the negotiations, and this testimony was not objected to, nor

the truth of the statement denied in any evidence. The court instructed the jury that if it was contemplated by the parties when the contract was made, that appellee was leasing the property for the purpose of operating the gin and realizing profits therefrom, and appellant failed to put the plant in reasonably good working condition, before August 1st, and appellee was thereby deprived of the use of it for ginning purposes during the season of the fall of 1916 and the winter of 1917, and was thereby prevented from the ginning of cotton, which he could and would have ginned, but for such failure on the part of appellant, to find for appellee such a sum as would reasonably compensate for the loss of the profits, if any, which he could and would have realized from the ginning of cotton, less the expense incident to it. The appellant, as a ground for its motion for a directed verdict, as well as of objection to the instruction given, insists that damages are not recoverable on account of the loss of profits. It is true, that the loss of profits which are remote, uncertain, contingent, speculative and conjectural, is not allowable as a basis for damages. Formerly damages on account of loss of profits were not allowable, at all, but the principle now governing the subject is that the right to recover damages on account of loss of profits is determinable by the same principles as the recovery of other damages are. Where a breach of a contract is involved, loss of profits is a proper element of damages, where they can be shown, not with absolute, but with a reasonable degree of certainty, and when it may be reasonably considered, that when the contract was made the parties had in contemplation the loss of profits as an element of damages, which would naturally grow out of a violation of the contract. The loss of anticipated profits which can be legally ascertained, that is which do not lack certainty on account of being too remote, conjectural and speculative, may be recovered. Elizabethtown & Paducah R. R. Co. v. Potinger, 10 B. M. 188; Blood v. Hering, etc., 22 K. L. R. 1725; Bates Machine Co. v. Norton Iron Works, 113 Ky. 372; Pugh v. Jackson, 154 Ky. 649; Cordage Co. v. Luthey, 98 Ky. 586; New Market Co v. Embry, 20 R. 1130; Telephone Co. v. Wisdom, 23 R. 97; Smith v. Perry, 13 K. L. R. 683; Long v. O'Brien, 28 R. 1062; Gregory v. Slaughter, 124 Ky. 345; 8 R. C. L. 502, 501 and 649; Horn v. Carroll, 28 R. 840; Sagamore Coal Co.

v. Clark, 33 K. L. R. 137; Thompson v. Jackson, etc., 14 B. M. 92. In the instant case the gin was leased for one year. Unless a contrary purpose appears, it could not be assumed that one would take a lease upon a cotton gin for any other purpose than to operate it. The contract, here, provided, that the lessor should, as one of the conditions of the lease, put it into good condition for operation and from which, it was obliged to have inferred, that, it was the purpose and intention of the appellee in securing the lease to operate the gin for what it would realize to him. Aside from these considerations the appellee alleges and proves that appellant was made acquainted with the fact that his purpose in entering into the contract was to secure the gin for the purpose of operating it. In such state of case, it seems that the parties must have had in contemplation, when the contract was made, that the profits, which the appellee anticipated would be made from the operation of the gin, would be an element of the damages, if the contract was violated so that he was prevented from operating the gin and realizing the profits. The anticipated profits are capable of ascertainment with a reasonable degree of certainty. The evidence without dispute, shows that the ginning season, during the term of the lease, was from sixty to ninety days. The plant, if in good working condition, would gin not less than thirty bales of cotton per day. The profit for ginning a bale of cotton, over and above the expenses of so doing, was not less than $2.50. During the period of the lease the appellee proves that he was compelled to decline to gin not less than five hundred (500) bales of cotton, because of the lack of ginning facilities arising from the appellant's failure to put the gin in good working condition. Hence, it appears that the court did not err in overruling the motion for a directed verdict, nor did it err in the measure of damages recoverable which was submitted to the jury by the instruction given.

Another ground upon which it is insisted that the motion for a directed verdict should have been sustained was, that the contract provided that the appellee should make any repairs necessary for the operation of the gin the necessity of which might appear after the first of August, and that when he undertook to operate the gin, it was his duty to have made the repairs necessary to have put it in good working condition, the cost of which,

it is insisted, would not have exceeded· the sum of one hundred dollars ($100.00), and that appellee wholly failed to undertake in any way to minimize the damages which he suffered from the failure of appellant to perform its contract with him, which the appellant insists was conclusively shown by the proof. The appellant rests his contention in this respect upon the contents of the letter which appellee wrote to appellant and which accompanied the return of the written contract subscribed by him, and in this letter the appellee stated that he would pass on and give his opinion, at the time the appellant had completed all repairs necessary to put the plant in good working condition, and if there were some things left to be done after the appellant's servant had left, who· was to do the necessary repairs, that·appellee was willing to do them with an experienced man of his own, but would expect the appellant to pay for the work as it had agreed to put the plant in good running condition. This proposition, if it may be so called, or addition to the contract, was distinctly rejected by the appellant, in the letter which it wrote to appellee in reply. Instead of it being conceded that the evidence shows that appellant put the plant in good working condition before August 1st, and that it was accepted as such by the appellee, the evidence shows preponderatingly that the plant was not put in good working condition by appellant nor did appellee accept it as being in such condition from the repairs made. The evidence shows, without any contradiction, that when appellee did undertake to operate the gin, it was utterly unfit to be operated and was in such condition that appellee and his witnesses deposed that it was then too late in the season to undertake to put it in working condition for that season, and the expense which would have been necessary to have put it in good working condition does not appear to have been less than the sum of one hundred dollars ($100.00), because when it was put in condition the following year, without any material change in its condition, the cost amounted to three to four hundred dollars. It will further be observed, that the failure to put the plant in a working condition, of which appellee complains, was not on account of something which happened to the machinery after the first of August, or some injury to it which might arise from its operation or otherwise, but the

complaint which he makes is of the failure of the appellant to perform the covenant in its contract to put the plant in working condition before the 1st of August as a condition of the contract between them. Hence, the evidence does not show such a state of case as would justify a peremptory direction to the jury to find a verdict for appellant. We do not consider nor pass upon the question as to what instruction if any would have been proper to have been given to the jury touching the appellee's duty to minimize the damages, which he was about to suffer, as no such instruction was offered by the appellant, nor any instruction which required the court to give one upon that subject as appears from the bill of exceptions. The issue which appellant made and upon which it squarely based its defense, was that it had put the plant in good working condition before the 1st of August, and that appellee had so accepted the repairs then made and had accepted the plant as in the condition required by the contract, and for that reason could not complain of the unfit condition of the plant after that time, and the court in substance so instructed the jury, submitting to it the issue as to whether the appellant did put the plant in the condition required by the contract before the 1st of August and whether the appellee accepted it as such and upon that issue the jury evidently found for the appellee.

The judgment, by which the attachment was sustained and seven separate lots, designating them by numbers, are directed to be sold in satisfaction of the judgment for damages must be reversed. The return of the officer, who levied the attachment issued in the action, does not indicate that the lots are the property upon which he levied the attachment, and there is no evidence or pleading of any kind in the record to support the judgment to the effect, that the lots should all be sold together, or the necessity for so doing. While the description of a parcel of real estate as a town lot might be sufficient, upon which to rest a judgment, that it was indivisible, it could not be conceded, that seven separate lots constitute one indivisible parcel of real estate, without evidence to that effect, or at least a showing that they are contiguous. The rule providing, that no more of a defendant's real estate should be sold in satisfaction of a debt, than is necessary for that purpose should be adhered to, unless it is shown that the property is not susceptible of practical division.

The judgment for the recovery of damages is therefore affirmed, but, the judgment sustaining the attachment is reversed, and the cause remanded for proceedings consistent with this opinion.