## Cincinnati, N. O. & T. P. Ry. Co. v. Jones.

Feb. 7, 1941.

Tye & Siler and H. C. Gillis for appellant.

George W. Stephens and C. C. Bagby for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

The appellee sued appellant alleging that on April 7, 1938, he purchased in Louisville from the agent of the Southern Railway Company in Kentucky a ticket from Louisville via Danville to Stearns, a station on appellant's line, but that when appellant's train "Number One," to which he changed on arriving at Danville from Louisville, reached Somerset, "he was compelled to leave said train against his will or consent about one o'clock at night on April 8, 1938," notwithstanding the fact that the conductor of "Number One" had told him at Danville to get on the train and had punched his ticket for Stearns. Then followed this allegation:

> "He had just been in the hospital for injuries received and as a result of the unlawful and negligent acts of the defendant complained of he was caused to suffer great mental and physical pain and agony and great and permanent injury to his hand, to his body and limbs, and on account of being forcibly ejected from said train and on account of their failure to carry him to Stearns he was compelled to go there on a freight train and in getting off of said freight train he received an injured hand from a splinter on said freight train which was stuck into his hand and which injury caused him great mental and physical suffering, and in the trip as aforesaid to Stearns upon said freight train and getting to

his destination he was caused to suffer great mental and physical pain and agony and great and permanent injury to his nerves and to his body, and never received the money which he had paid for his ticket, $3.40, all to his damage and injury in the sum of $2500.00.''

The Court, on motion, required appellee to elect whether he would prosecute his cause of action for breach of contract or his cause of action for a ''tort for injury resulting from alleged negligence,'' whereupon he filed an amended petition electing to sue in contract, alleging:

''The plaintiff, Chester P. Jones, amends his petition electing to rely upon the contract set up in his original petition, and not waiving his objections to elect, he hereby reiterates each and every allegation of his petition, and relief upon the contract set up in his petition, and alleges that all the injuries complained of in the original petition were the direct and proximate result of the failure of the defendant to carry the said plaintiff to the town of Stearns according to the conditions, stipulations in the said ticket which gave him the right to transportation to said town.''

Issue was joined and at the trial appellee testified that the Southern train to Danville was late, which fact caused him to miss the train for Stearns, but that the depot agent at Danville told him that he had called the ''general manager'' and that that official had said he would take care of appellee and his companion, Jonathan Roberts. Some C. C. C. boys had missed their connection for Burnside and they also would be taken care of. However, when the C. C. C. boys boarded ''Number One'' they were required to sign on the back of their tickets a statement that they would leave the train at Somerset since it did not stop at Burnside. Appellant and Roberts, however, passed in with the C. C. C. boys and were not required to sign any agreement. The material part of appellee's testimony was that although when he boarded ''Number One'' and stated his destination the conductor told him that the train did not stop at Stearns, the conductor, nevertheless, on being informed by appellee as to what had transpired, and after a conversation with the train master, accepted ap-

pellee's ticket for Stearns. When the train approached Somerset, the conductor came to him and said, "You can get around better than your buddy and you get off and go to the office and tell the dispatcher to come out. He is usually on the platform when this train gets in there," whereupon, "I got off and I said to the conductor 'Where is the office?' He looked around and he said 'Over yonder he stands,' and he called a man to him he said was the dispatcher, and told him. He said 'There is not a damn thing doing.' I said 'I have no money and my ticket is dead and no way to get home.' He said 'We can't help that; it is not my bad luck'."

Appellee had only 18 cents with him, and, after leaving the train with Roberts at Somerset and walking around outside the depot, caught a freight train and rode to Stearns where he arrived at 4 o'clock A. M. two and a half hours after "Number One" had reached that point. He was in Somerset not more than an hour. He was not ejected from the train nor subjected to any indignity, but left it "like a man." He had gone to Louisville to have an injured foot treated, and while waiting at Somerset, got it wet, not in, but while walking around outside the depot. It had been raining and appellee claimed that getting his foot wet had injured it. Asked what the wetting had done to his foot he replied, "I imagine it caused the swelling and I was also late about getting it dressed." Later he was "bothered with something like rheumatism in that leg." No medical testimony was introduced to support the claim of injury. No evidence whatsoever was offered to prove any injury to his hand, and it is not shown that appellee was put to any expense at Somerset or on reaching Stearns. Neither was it shown when the next train which would have stopped at Stearns was scheduled to leave Somerset.

It is unnecessary to discuss the testimony further, as, notwithstanding the denial of the conductor of "Number One" that he had agreed to stop the train at Stearns or punched appellee's ticket for that destination, there was enough in appellee's testimony to entitle him to go to the jury on that issue, but not enough to entitle him to recover the $500 which the jury awarded him, or any amount, for pain and suffering or the alleged augmentation of the injury to his foot. As we view it, the testimony failed to show any oppressive,

harsh, or insulting conduct on the part of appellant's employees. Hence, appellee was not entitled to recover as for a tort. On the other hand, while appellant was not liable for the delay of the Southern Railway train in reaching Danville, or the missed connection, and was under no obligation to permit appellee to ride on its through train which did not stop at Stearns, nevertheless, if the conductor, as testified by appellee and his companion, accepted appellee as a passenger on that train to Stearns or agreed to stop the train at that point, appellant was liable for breach of the conductor's contract and appellee was entitled to recover as damages the value of the time which he lost.

This conclusion is based upon the uniform holdings of this court that since an action, such as this, is for breach of contract, the damages recoverable are limited to compensation for loss of time and expenses incurred by reason of the delay, unless the contract is breached in such a manner as to constitute a tort, in which event, the damages recoverable are the same as in a tort action. Louisville & Nashville Railroad Co. v. McPherson, 257 Ky. 662, 78 S. W. (2d) 919; Louisville & Nashville Railroad Co. v. Wells, 219 Ky. 718, 294 S. W. 143; Louisville & Nashville Railroad Co. v. Pigg, 206 Ky. 470, 267 S. W. 549; Louisville & Northern Railway & Lighting Co. v. Comley, 169 Ky. 11, 183 S. W. 207; Louisville & Nashville Railroad Co. v. Spurling, 160 Ky. 819, 170 S. W. 192, Ann. Cas. 1916A, 487; Cincinnati, N. O. & T. P. Railway Co. et al. v. Raine, 130 Ky. 454, 113 S. W. 495, 19 L. R. A., N. S., 753, 132 Am. St. Rep. 400; Stanley on Instructions to Jury, Sections 368 and 369.

It follows that the trial court properly overruled appellant's motion for a directed verdict, but erred in submitting to the jury any issue other than that raised by the transactions between appellee and appellant's conductor, and in instructing the jury that it might award appellee damages for mental or physical pain or suffering.

Judgment reversed.