## Cincinnati, N. O. & T. P. Ry. Co. v. Dority.

Dec. 15, 1942.

Tye & Siler for appellant.

Leonard S. Stephens for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This is another case where a resident of Stearns, in McCreary County, who was returning from Louisville

by rail, had an alleged difficulty in getting from Danville to the point of his destination. In the cases of Cincinnati, N. O. & T. P. Ry. Co. v. Jones, 285 Ky. 588, 148 S. W. (2d) 725, and Cincinnati, N. O. & T. P. Ry. Co. v. Roberts, 285 Ky. 593, 148 S. W. (2d) 728, the judgments in favor of the plaintiffs were for $500, but here we have a judgment for $2,000 against the Railway Company. We are asked to reverse the judgment on the grounds that: (1) The trial court erred in refusing to require Dority to elect between causes of action; (2) the trial court erred in instructing the jury to award damages for humiliation and mortification; (3) the damages awarded were excessive; and (4) the trial court erred in giving Instruction No. II to the jury. Being of the opinion that all of the grounds are well based, we will discuss them in order.

The allegations in the petition were similar to those in the Jones case, supra. There the Railway Company's motion to require the plaintiff to elect whether he would prosecute his action for breach of contract or for the alleged tort was sustained by the same trial judge who overruled a similar motion in this case. That action was error. Dority should have been required to elect which cause of action he would prosecute.

The petition alleges that Dority was "unlawfully and wrongfully, rudely and roughly grabbed by the arm while on said train by the agents, servants, and employees of the defendant and jerked off the said train by the agents, servants, and employees of the defendant and refused to permit him to ride thereon, thereby causing personal injuries to the plaintiff, causing him great pain and suffering, both physical and mental, and permanent injury to his head, body and limbs, to his damage and whereby plaintiff was made sick by reason of being ejected from said train." There was no allegation that Dority was humiliated or mortified, nor was there any proof to that effect. Obviously, the instructions should not have authorized the jury to find for Dority "for humiliation or mortification."

Dority testified that he bought a round trip ticket from Stearns to Louisville and that as he was attempting to board a train in Danville for Stearns the conductor took him by the arm and jerked him from the second step of the coach. He said that the conductor "talked mad" when he jerked him from the step, but did not say

much to him. Rather than wait in Danville for a local train, Dority caught a freight train to Stearns. He had had several operations for an abscessed lung prior to his alleged injury and his trip to Louisville was made to see a doctor about his condition. He said that he became very angry when he was jerked from the step and that his side was jerked, which caused him to "spit up blood." He testified also that an incision from an operation was opened. Both Dority and his father testified that he stayed in bed about a week after he was injured and that a doctor was called in. The doctor was not called as a witness, however, and there is no evidence as to medical expenses. Dority had not worked for some time before his alleged injury, nor has he worked since that time. There was testimony for the Railway Company, of course, that Dority was not jerked from the train he was attempting to board. A railway detective testified that he saw Dority on the night of the alleged injury and that he was crying and complaining "that they would not let him get on the train because the train did not stop at the station he was going to." When the evidence is viewed in the most favorable light for Dority, it is obvious that a verdict of $2,000 for his alleged injuries was grossly excessive. There was no showing of permanent injury, no expense for medical treatment, and since Dority was not working before or after the time of the alleged injury, there was no permanent reduction of his power to earn money. At most, the evidence could have warranted only a reasonable allowance for physical and mental suffering.

The second instruction authorized the jury to award Dority damages which would "fairly and reasonably compensate him for injury to his body or limbs." Dority concedes that this instruction was erroneous. It is pointed out in Middlesboro Coca-Cola Bottling Works v. Ball, 262 Ky. 101, 89 S. W. (2d) 875, that compensatory damages are confined to the expense of cure, value of time lost, fair compensation for physical and mental suffering caused by the alleged injury, and for any permanent reduction of the power to earn money. As we have indicated, the evidence in the case before us would justify the submission of only the question of physical and mental suffering to the jury.

Judgment reversed with directions to set it aside and for proceedings consistent with this opinion.