A. M. KELLERMAN et al., Appellants,

v.

J. A. DEDMAN, d/b/a J. A. Dedman Realty
Company et al., Appellees.

Court of Appeals of Kentucky.

Feb. 3, 1967.

D. Paul Alagia, Jr., Brown & Alagia, Louisville, for appellants.

Harold Y. Saunders, Saunders & Mitchell, Shelbyville, for appellees.

WADDILL, Commissioner.

This appeal questions the correctness of a judgment awarding $4600 to the appellees Earl and Irene Perry and $400 to the appellee J. A. Dedman.

Appellants A. M. Kellerman and his wife owned two dairy farms in Shelby County which were managed by Earl Perry. In the fall of 1963 Perry desired to quit farming and so informed the Kellermans. Certain livestock, feed, machinery and other personal property were owned in partnership by the Kellermans and Perry and his wife. To dispose of this property, and some property belonging to the Perrys individually, the Kellermans and the Perrys entered into a written agreement whereby auctioneers J. A. Dedman and William Casey were employed to sell it at public auction. This agreement contained a list of the items to be sold.

The sale was to be held November 30, 1963, and was extensively advertised. A few days before the sale the Kellermans told Dedman that 26 head of the cattle listed for sale were not partnership assets and they ordered him not to sell them. Dedman refused to accede to this demand and the Kellermans, on November 29, 1963, sought, ex parte, a restraining order against Dedman, Casey and the Perrys in Shelby Circuit Court. A restraining order was issued covering the 26 head of cattle in question and was served the same day. It is conceded that Dedman was erroneously advised by counsel (not an attorney of record herein) that he could proceed with the sale if he

posted a $6000 bond. Dedman posted such a bond in the Shelby Circuit Court and held the sale.

On the morning of the sale the Kellermans and their attorney Ted Igleheart appeared and, according to the Perrys' witnesses, made certain statements, within the hearing of the crowd of potential buyers, which not only had a depressing effect on the bidding at the sale but caused about 50 per cent of the crowd to leave. For instance there is testimony that Mrs. Kellerman announced there would not be any sale; that a purchaser would involve himself in a lawsuit. The Kellermans' witnesses testified that the Kellermans did not try to stop the entire sale and any statements that were made by them were not within the hearing of the people attending the sale and that it was Dedman's subsequent remarks about why he was entitled to hold the sale that caused the crowd to lose its enthusiasm to bid on the property.

On this appeal the Kellermans have filed a partial record (CR 75.01) and a statement of points to be considered on appeal (CR 75.04). These points limit our review to (1) whether the award of $4600 to the Perrys was based upon speculative evidence, (2) whether the instructions were erroneous, (3) whether the trial court erred in overruling the Kellermans' motion for mistrial made after an attack of dizziness was suffered by the Perrys' and Dedman's attorney during his closing argument, and (4) whether the evidence was sufficient to support the award in favor of Dedman.

■ The Kellermans contend that the evidence introduced to establish that the Perrys sustained a financial loss is too conjectural and speculative to support the award of $4600. They rely principally on Union Cotton Co. v. Bondurant, 188 Ky. 319, 222 S.W. 66. However, we therein observed that loss of profits need be shown, not with absolute, but with reasonable certainty. In Essock v. Mawhinney, 3 Wis.2d 258, 88 N.W.2d 659, an action involving facts similar to those in the instant case, a

comprehensive statement of the rule appears as follows:

" ' * * * it is now generally held that the uncertainty which prevents a recovery is uncertainty as to the fact of the damage and not as to its amount and that where it is certain that damage has resulted, mere uncertainty as to the amount will not preclude the right of recovery. This view has been sustained where, from the nature of the case, the extent of the injury and the amount of damage are not capable of exact and accurate proof. Under such circumstances all that can be required is that the evidence with such certainty as the nature of the particular case may permit lay a foundation which will enable the trier of facts to make a fair and reasonable estimate, and the plaintiff will not be denied a substantial recovery if he has produced the best evidence available and it is sufficient to afford a reasonable basis for estimating his loss. * * *.

" 'The requirement of certainty does not prevent the drawing of reasonable inferences from the facts and circumstances in evidence; and where a tort is of such a nature as to preclude the ascertainment of the amount of damages with certainty, it is enough if the evidence shows the extent of the damages as a matter of just and reasonable inference, although the result is only approximate.' "

Also see 22 Am.Jur.2d Damages, section 23, pages 42, 43.

■ Since there is testimony that many persons left after the aforementioned verbal exchange, that the general atmosphere at the sale was not then favorable to spirited bidding and that the property sold for less than it was worth, we believe the evidence in its totality adequately supports the finding that the Perrys sustained damage caused by the Kellermans.

As to the amount of damage, Dedman and Casey testified that in their opinions as experienced auctioneers the partnership

property had a reasonable market value of at least $20,000. Perry stated it was worth substantially more than $20,000. This property sold for $15,722, or a difference of at least $4278. The Perrys' half interest in this would be $2139. At the same sale property belonging to the Perrys individually sold for $2010, while there was testimony it was reasonably worth $14,000, or a difference of $11,990. Thus there is testimony of a loss to the Perrys of $14,129, and it has probative value. However, it fails to disclose what portion of the reduced proceeds of the sale is attributable to the 26 head of cattle sold in violation of the restraining order.

■ It is next contended that instruction No. 3 is inconsistent with instructions Nos. 1 and 2 and that the Kellermans' proffered instruction should have been given. In essence, instruction No. 1 permitted the jury to find for the Kellermans if the damages claimed by the Perrys were the result of Dedman's violation of the injunction. Instruction No. 2 permitted the jury to find for the Kellermans if the damages claimed by the Perrys were the result of statements made by Dedman at the sale. Instruction No. 3 permitted the jury to find for the Perrys in the amount the "sale was reduced" not to exceed $4600 if it found that the Kellermans or their attorney "wrongfully interfered with the auction sale" and this caused the reduction in the proceeds of the sale, "even though you may believe as set out in instructions Nos. 1 and 2." The Kellermans insist that if the jury found for them under either or both of the first two instructions they could lose all benefit of such findings if the jury found against them under the third instruction. In response the Perrys argue that if the word "so" had been inserted before the word "reduced" in the third instruction there would have been no inconsistency and that it must have been obvious to the jury that it could find against the Kellermans for all the damages only if it believed the reduction in sale proceeds was due solely to their activities. This

assumption is not warranted. We believe these instructions could logically be interpreted to mean that even if the Perrys or Dedman caused some of the damages, if the jury believed the Kellermans' actions increased these damages, then all damages could be assessed against the Kellermans. These damages could erroneously include not only those attributable to the Perrys or Dedman but those resulting from the sale of the 26 head of cattle which was not authorized and about which the Kellermans were entitled to raise objections. The giving of these instructions was prejudicial error requiring a reversal of the judgment insofar as it awards $4600 to the Perrys.

In the event there is a new trial of the Perrys' claim and the evidence is substantially the same, the following instructions shall be given:

1. The court instructs the jury that Earl and Irene Perry and their agent J. A. Dedman were in violation of a restraining order when they sold the 26 head of cattle described in that order. Therefore A. M. and Julia Kellerman and their attorney Ted Igleheart had the right to publicly object to the sale of these cattle. If the jury believe that the prices obtained at the sale mentioned in the evidence were reduced and that such reduction was caused solely and entirely by

(a) the objections raised by the Kellermans and their agent concerning the sale of the 26 head of cattle described in the restraining order;

or

(b) statements made by Dedman at the sale;

or

(c) a combination of both (a) and (b), your verdict will be for the Kellermans.

2. If the jury believe from the evidence that the prices obtained at the sale were reduced and that such reduction was caused by the activities of the Kellermans or by Igleheart in objecting to the sale of any

property other than the 26 head of cattle mentioned in ir ⁻tion No. 1, then your verdict will be i ss you so believe your or the Kellermans.

3. If the jury rs under instruction No. 2 :h a sum as it believes fr vill compensate them for . )y the objections to the sale, describea ,nstruction No. 2, the sum allowed not to exceed $4600. The jury shall exclude any loss attributable to the sale of the 26 head of cattle mentioned in instructions Nos. 1 and 2.

4. If all the jurors agree on a verdict only one need sign it as foreman; nine or more of the jurors may return a verdict, but if less than all twelve agree, it must be signed by the nine or more who do agree.

■ The Kellermans contend that the following damage instruction should have been given:

"Lady and Gentlemen of the Jury, if you believe from the evidence that the damages to the defendant, Perry, as far as the sale proceeds being reduced as the result of any conduct of the plaintiffs Kellerman are such that they are conjectural, remote or speculative, then you shall find that such damages are not recoverable, and return a verdict in favor of the plaintiffs Kellerman."

This instruction would have the jury decide whether the evidence of the proceeds of the auction sale being reduced was speculative. Since the question is one of law, the trial court properly refused to submit this instruction to the jury.

We now consider the appeal which the Kellermans have taken from the judgment for $400 obtained against them by Dedman upon his claim for assault and battery.

■ Dedman has moved this court to dismiss the appeal on the ground that the judgment in his favor is less than $2500 and therefore the Kellermans are not en-

titled to appeal that portion of the judgment as a matter of right (KRS 21.080). No motion for an appeal has been filed. In Dr. Pepper Bottling Co. v. Ricks, Ky., 376 S.W.2d 299, the judgment appealed from awarded one appellee $6000 and awarded the other appellee $1000. In overruling a motion to dismiss as to the latter appellee, we said:

"* * * An appellant is concerned only with whether the whole amount must be paid."

That case is controlling and the motion is overruled.

■ The Kellermans contend the award of $400, $200 of which is compensatory and $200 of which is punitive damages, is not supported by the evidence. A. M. Kellerman testified that he "pushed" Dedman on the shoulder to get his attention during their argument concerning whether the sale would be held. Dedman testified Kellerman "poked" him with his fist causing him pain. A witness to the event described Kellerman's act as a "rabbit punch" and related that he simultaneously used derogatory language. The testimony tending to show Kellerman's malice and Dedman's pain amply support the award as to both compensatory and punitive damages.

■ During his closing argument to the jury, Dedman's attorney became dizzy and was granted a brief recess. The Kellermans moved for a mistrial on the ground that the jury may have been unduly influenced by its sympathy for the attorney's distress. The trial court overruled this motion and properly so. The court would not have been warranted under the record in assuming that the verdict would be the result of the jury's sympathy for the attorney.

The judgment insofar as it awards J. A. Dedman $400 against A. M. and Julia Kellerman is affirmed; the judgment insofar as it awards Earl and Irene Perry $4600

against A. M. and Julia Kellerman is reversed with directions to set it aside and the case is remanded for proceedings consistent with this opinion.

HILL and OSBORNE, JJ., dissenting.