**Rose Burke BISSET, Appellant,**

v.

**Chic GOSS, President and Process Agent of Chic Goss, Inc., and Chic Goss, Appellees.**

Court of Appeals of Kentucky.

March 31, 1972.

Rehearing Denied June 23, 1972.

James F. Clay, Sr., Danville, V. A. Bradley, Jr., Bradley, Blanton & Prewitt, Paris, for appellant.

Raymond Francis Connell, Paris, for appellees.

EDWARD P. HILL, Judge.

This is the second appeal of this case. The first appeal styled Goss v. Bisset, Ky., 411 S.W.2d 50 (1967), reversed the case with the following directions: "Upon remand of the cause Goss and Chic Goss, Inc., shall be given judgment for the value of the property wrongfully taken from their possession and the trial court shall also determine what, if any, further damages they may recover under the pleadings and evidence in the case." The judgment now appealed from was entered March 18, 1971, and provided that appellees recover from the appellant a total judgment of $11,113. Included in the judgment was an item of $2500 for punitive damages and another item of $8613 for loss of profits.

After remand of the case to the circuit court, no further proof was taken or offered by either party.

Reference is made to the opinion in the first appeal, above styled, for a more complete history of the proceedings and for a complete statement of the facts of the case.

The appellant presents four arguments in an effort to reverse the judgment. First she says that she was not responsible in any way for the vacation by the appellees of her property; that the real reason for their abandonment of the leased premises was their loss of the franchise from the Ford Motor Company. Appellant's second argument is that the evidence was insufficient to justify the award of any damages to the appellees, either punitive or for loss of profits, simply because the witnesses were not qualified to testify with respect thereto. The third argument questions the allowance of $2500 for punitive damages. The fourth and concluding argument assails the adjudication of interest on portions of the judgment.

The appellant's first argument is actually not germane to the issues in this case. The appellant seems to be taking the position that she did nothing to cause the appellees to vacate the premises. She argues that appellees' predicament was brought about by the cancellation of their Ford franchise; but this matter becomes unimportant when considered in the light of the fact that after March 31, 1961, the approximate date on which the appellees vacated the premises, the appellees continued to engage in the retail of automobiles at Main and 9th Street and in a building adjacent to appellant's property in Paris, Kentucky, where they continued to use the property in question. Under number seven

of the findings of fact, the chancellor determined that the reason for discontinuance of the appellees' business was the seizure by the appellant of the equipment which the appellees used in the servicing of automobiles owned and sold by them. The appellee Goss testified that the equipment taken by the appellant was essential to the operation of his used car business. We are unable to say from the evidence that this finding was clearly or at all erroneous. CR 52.01.

■ Appellant's second argument really goes to the weight to be given to the testimony on the question of damages. The appellee Goss testified in substance that by reason of the possession of the equipment by the appellant, he was unable to service automobiles in his possession or those sold by him; that he could not continue to sell automobiles at retail and was forced by the action of the appellant to unload his entire stock of automobiles at wholesale. He filed as an exhibit with his testimony a statement showing his total inventory, the sale price of each car at the established retail price and the wholesale price he claims he realized for each unit.

The appellant offered no evidence to contradict his testimony.

The appellees introduced a number of witnesses who testified to the values of the various items of property found to have been taken by the appellant without right. One of the witnesses who testified for appellees was J. H. McCord. His qualifications were stipulated by the parties. There was some conflict in the testimony as to the value of each item, which presented a factual question for the trial court. Appellee Goss had had many years' experience in the automobile business and was obviously a qualified witness in his own behalf. All in all, the question of the qualifications of the witnesses who testified on the issue of damages and property values was one which addressed itself to the sound discretion of the trial judge. We

are not persuaded his findings are erroneous in this respect. Delph v. Daly, Ky., 444 S.W.2d 738 (1969), and Story v. Brumley, Ky., 253 S.W.2d 24 (1952).

■ The appellant's third argument is that the judgment is erroneous in allowing appellees to recover for loss of profits ($6800). Obviously the trial judge was persuaded by the testimony of appellee Goss, referred to above, relating to the reason for his going out of business and his loss as a result thereof. We conclude that the evidence justified the findings of fact and the judgment for loss of profits. Union Cotton Company v. Bondurant, 188 Ky. 319, 222 S.W. 66, and Dale v. Peden, Ky., 252 S.W.2d 687.

■ The appellant next questions the correctness of the judgment allowing the appellees punitive damages in the sum of $2500. The case of Louisville & Nashville Railroad Co. v. Jones' Adm'r, 297 Ky. 528, 180 S.W.2d 555, is cited and relied upon by the appellant as well as by the appellees. We quote therefrom at page 558:

" * * * Such an instruction (punitive damages) is warranted only where there is evidence tending to show that the defendant acted maliciously, wilfully, or with such gross negligence as to indicate wanton disregard of the rights of others. ' * * * [T]he rule would seem to be firmly established in this jurisdiction that punitive damages are recoverable only where the defendant has acted wantonly, or recklessly, or oppressively, or with malice as implies a spirit of mischief or criminal indifference to civil obligations.' "

■■ Punitive damages, or exemplary, as the name implies, is the allowance of "smart money" as the penalty for the violation of the rights of another. It is difficult to lay down guidelines for the determination of the amount of punitive damages. The theory of the allowance of pu-

nitive damages is well stated in 25 C.J.S. Damages § 117(1), p. 1107, as follows:

"The theory of exemplary, punitive, or vindictive damages, or 'smart money,' as they are sometimes called, involves a blending of the interests of society in general with those of the aggrieved individual in particular. According to the more generally accepted doctrine, such damages are allowed not because of any special merit in the injured party's case, but are awarded by way of punishment to the offender, and as a deterrent, warning, or example to defendant and others, or even, it has been said as an expression of the indignation of the jury."

In 25 C.J.S. Damages § 126(1), p. 1159, it is said:

"There is no fixed standard for the measurement of exemplary or punitive damages; the amount of the award is a matter largely within the discretion of the jury or of the court sitting without a jury, on due consideration of the attendant circumstances."

However, in fixing the amount of punitive damages, the jury or judge must exercise a discretion so as not to indicate passion, prejudice, or bias. Henderson v. Henderson Funeral Home Corporation, Ky., 320 S.W.2d 113; Engleman v. Caldwell & Jones, 243 Ky. 23, 47 S.W.2d 971.

In the instant case, the trial judge, sitting as a jury, made the following findings of fact with relation to the conduct of the appellant as it concerns the question of punitive damages. In part two of his findings of fact, the chancellor found that Tommy Lanter, successor tenant to Chic Goss, Inc., of the appellant's premises, testified that the five steel work benches and the air compressor were necessary to the operation of the garage. We quote further from the findings of fact:

"3. Mrs. Bisset admitted that it was her intent to seize all automobile equipment in the possession of Chic Goss, Inc., 'except tools and things and parts' in order to rent her garage.

"4. Mrs. Bisset did not know if some of the equipment had ever been on her premises.

"5. Mrs. Bisset made no investigation to determine if certain of the equipment, including the air compressor and lines, had ever been located on her premises so that she might have become entitled to it under the terms of her lease with Chic Goss, Inc., and others.

"6. The equipment, including the air compressor and lines, seized by Mrs. Bisset was necessary to the operation of the used car business conducted by Chic Goss, Inc., at the time of the institution of this action."

From the foregoing findings of fact, the trial court also made the following conclusions of law:

"2. The primary concern of Rose Burke Bisset, as revealed by the testimony was to make her property more rentable by seizing all automotive garage equipment in the possession of Chic Goss, Inc., which action she undertook without any reasonable or diligent effort to ascertain whether she had any basis for a valid claim to the property.

"3. Mrs. Bisset's conduct constituted such a reckless, willful and wanton disregard of the rights of Chic Goss, Inc., as to negate any inference of honest mistake or good faith upon her part, particularly in view of the fact that cursory investigation would have revealed to her that some of the equipment had never been located on premises owned by her."

It is concluded that the findings of the chancellor on the question of punitive damages and the judgment entered pursuant thereto were amply supported by the evidence and should be affirmed.

■ The appellant's final argument concerns the adjudication that the appellant

pay interest on that part of the judgment fixing compensatory damages from October 17, 1961, until paid. She also complains of that part of the judgment providing for interest on the $2500 punitive damages judgment from the date of the judgment until paid.

In the first place, the record does not show that this question was presented to the trial court. Ordinarily this court will not review questions not presented to the trial court. Payne v. Hall, Ky., 423 S.W.2d 530; Pittsburg & Midway Coal Mining Company v. Rushing, Ky., 456 S.W.2d 816 (1969). Nevertheless, we do not find any abuse of discretion in the allowance of interest on the judgment. Curtis v. Campbell, Ky., 336 S.W.2d 355 (1960), and 47 C.J.S. Interest § 9, p. 22. See also Dalton v. Mullins, Ky., 293 S.W.2d 470, and General Accident Fire & Life Assurance Corp. v. Judd, Ky., 400 S.W.2d 685 (1966).

The judgment is affirmed.

All concur.