**KENTUCKY CENTRAL INSURANCE COMPANY, Appellant,**

v.

**Cynthia Anne SCHNEIDER; and Stephen Wayne Schneider, Appellees.**

No. 1998–SC–0699–DG.

Supreme Court of Kentucky.

April 20, 2000.

A. Berry Howe, Ft. Thomas, for Appellant.

D. Anthony Brinker, Wehrman & Wehrman, Chartered, Covington, for Appellees.

COOPER, Justice.

On January 28, 1992, Appellee Cynthia Ann Schneider was operating her motor vehicle in Latonia, Kentucky, when she was rear-ended by a vehicle being operated by Tracy Mahan. Mahan was both intoxicated and uninsured at the time of the accident. Schneider was insured by a policy of insurance issued by Appellant Kentucky Central Insurance Company which contained the statutorily mandated uninsured motorists (UM) coverage. KRS 304.20–020. Schneider sued Mahan in the Kenton Circuit Court seeking both compensatory and punitive damages. Her husband, Appellee Stephen Wayne Schneider, joined in the action seeking damages for loss of consortium. When suit was filed, Mahan was an inmate in the Kentucky Correctional Institute for Women. A guardian ad litem appointed pursuant to CR 17.04 subsequently reported that Mahan had no insurance and no defense. Pursuant to CR 24.01(1), Kentucky Central intervened to defend its potential liability as the Schneiders' UM carrier.

The Schneiders' claims for compensatory damages have been settled, leaving only the issue of whether punitive damages awarded against an uninsured motorist are recoverable under the UM coverage of an injured party's automobile insurance policy. The Kenton Circuit Court entered a summary judgment holding that neither the UM statute, KRS 304.20–020, nor the UM provisions of Kentucky Central's policy afforded coverage for punitive damages.

The Court of Appeals disagreed. We granted discretionary review and now reverse the Court of Appeals and reinstate the judgment of the Kenton Circuit Court.

KRS 304.20–020(1) provides, *inter alia*, that every motor vehicle liability insurance policy shall provide coverage "for the protection of persons insured thereunder who are legally entitled to recover *damages* from owners or operators of uninsured motor vehicles *because of bodily injury, sickness or disease, including death.*" (Emphasis added.) Accordingly, paragraph A of Part C of the policy of insurance issued by Kentucky Central to the Schneiders provides as follows:

A. We will pay *damages* which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" *because of "bodily injury"*:

1. Sustained by an "insured"; and

2. *Caused by an accident.* (Emphasis added.)

Paragraph D of the Definitions section of the policy defines "bodily injury" as *"bodily harm, sickness or disease, including death that results."* (Emphasis added.) In *Masler v. State Farm Mut. Auto. Ins. Co.*, Ky., 894 S.W.2d 633, 635 (1995), we held that the purpose of UM coverage is to "provide indemnification for *injuries* caused either by uninsured or unidentified motorists." (Emphasis added.)

Damages for bodily injury are regarded as compensatory damages and include the expense of cure, value of time lost, fair compensation for physical and mental suffering caused by the injury, and for any permanent reduction of the power to earn money. *Cincinnati, N.O. & T.P. Ry. Co. v. Dority*, 292 Ky. 461, 166 S.W.2d 996, 997 (1942); *Iseman v. Hayes*, 242 Ky. 302, 46 S.W.2d 110, 114 (1932). The object of compensatory damages is to make the injured party whole to the extent that it is possible to measure his injury in terms of money. 22 Am.Jur.2d *Damages* § 26 (1988). The object is not to place the

plaintiff in a better position than he would have been had the wrong not been done. *Id.* § 27; *cf. Western Union Telegraph Co. v. Guard,* 283 Ky. 187, 139 S.W.2d 722 (1940).

 Punitive damages are "damages, other than compensatory and nominal damages, awarded against a person to punish and to discourage him and others from similar conduct in the future." KRS 411.184(1)(f); *Hensley v. Paul Miller Ford, Inc.,* Ky., 508 S.W.2d 759, 762–63 (1974); *Ashland Dry Goods Co. v. Wages,* 302 Ky. 577, 195 S.W.2d 312, 315 (1946). It is an allowance of "smart money" as the penalty for egregious conduct, " 'or even . . . as an expression of the indignation of the jury.' " *Bisset v. Goss,* Ky., 481 S.W.2d 71, 73–74 (1972) (quoting 25 C.J.S. *Damages* § 117(1), at 1107). From the injured party's perspective, punitive damages represent an additional, non-compensatory award based upon public policy concerns largely irrelevant to the issue of compensation. *State Farm Mut. Auto. Ins. Co. v. Wilson,* 162 Ariz. 251, 782 P.2d 727, 731 (1989); *Siggelkow v. Phoenix Ins. Co.,* 109 Nev. 42, 846 P.2d 303, 304–05 (1993).

The overwhelming majority of jurisdictions having statutes with the same "damages . . . because of bodily injury" language as KRS 304.20–020 and which have considered this issue have held that punitive damages are not recoverable under the UM coverage of an automobile liability insurance policy.[1] In fact, New Mexico is the only jurisdiction which presently mandates recovery of punitive damages under such statutory language. *Stinbrink v. Farmers Ins. Co. of Ariz.,* 111 N.M. 179, 803 P.2d 664 (1990).[2] Other states holding that punitive damages are recoverable under UM coverage have statutes requiring UM coverage for *"all sums which [the insured] shall be legally entitled to recover as damages* from the owner or operator of an uninsured motor vehicle." *Lipscombe v. Security Ins. Co. of Hartford,* 213 Va. 81, 189 S.E.2d 320 (1972), interpreting Va. Code Ann. § 38.1–381(b) (now § 38.2–2206A) (emphasis added); *State ex rel. State Auto Ins. Co. v. Risovich,* 204 W.Va. 87, 511 S.E.2d 498 (1998), interpreting W. Va.Code § 33–06–31(b) (emphasis added); *contra Laird v. Nationwide Ins. Co.,* 243 S.C. 388, 134 S.E.2d 206 (1964).

In addition to the definitional distinction between compensatory and punitive damages discussed *supra,* most jurisdictions holding that punitive damages are not recoverable under the injured party's UM coverage also note that it would be anti-

---

1. *State Farm Mut. Auto. Ins. Co. v. Wilson, supra; California State Auto. Ass'n Inter–Ins. Bureau v. Carter,* 164 Cal.App.3d 257, 210 Cal.Rptr. 140 (1985); *Bodner v. United Servs. Auto. Ass'n,* 222 Conn. 480, 610 A.2d 1212 (1992); *Suarez v. Aguiar,* 351 So.2d 1086 (Fla. Dist.Ct.App.1977); *Roman v. Terrell,* 195 Ga. App. 219, 393 S.E.2d 83 (1990), *reaffirmed, State Farm Mut. Auto. Ins. Co. v. Weathers,* 260 Ga. 123, 392 S.E.2d 1 (1990); *State Farm Mut. Auto. Ins. Co. v. Mendenhall,* 164 Ill. App.3d 58, 115 Ill.Dec. 139, 517 N.E.2d 341 (1987); *Braley v. Berkshire Mut. Ins. Co.,* 440 A.2d 359 (Me.1982); *State Farm Mut. Auto. Ins. Co. v. Daughdrill,* 474 So.2d 1048 (Miss. 1985); *Siggelkow v. Phoenix Ins. Co., supra; State Farm Mut. Ins. Co. v. Blevins,* 49 Ohio St.3d 165, 551 N.E.2d 955 (1990); *Aetna Cas. & Sur. Co. v. Craig,* 771 P.2d 212 (Okla.1989); *Allen v. Simmons,* 533 A.2d 541 (R.I.1987); *Vanderlinden v. United Servs. Auto. Ass'n Property & Cas. Ins. Co.,* 885 S.W.2d 239 (Tex.App. 1994); *Burns v. Milwaukee Mut. Ins. Co.,* 121 Wis.2d 574, 360 N.W.2d 61 (App.1984); *cf. Shuamber v. Henderson,* 563 N.E.2d 1314 (Ind.Ct.App.1990), *reversed in part on other grounds, Shuamber v. Henderson,* 579 N.E.2d 452 (Ind.1991); (applying same principles to underinsured motorist (UIM) coverage); *Santos v. Lumbermens Mut. Cas. Co.,* 408 Mass. 70, 556 N.E.2d 983 (1990) (also applying same principles to UIM coverage).

2. The same conclusion was reached in *Sharp v. Daigre,* 555 So.2d 1361 (La.1990), interpreting La.Rev.Stat. Ann. § 22:1406D(1)(a)(i), and *Mullins v. Miller,* 683 S.W.2d 669 (Tenn. 1984), interpreting Tenn.Code Ann. § 56–7–1201(a). However, both of those decisions were abrogated almost immediately by statutory amendments. 1992 La. Acts No. 335 § 1 (limiting UM coverage to "nonpunitive damages"); 1986 Tenn. Acts ch. 667 § 1 (limiting UM coverage to "compensatory damages").

thetical to require the UM carrier to pay a penalty assessed against the wrongdoer, because the burden of payment would fall not upon the wrongdoer, or even the insurer of the wrongdoer, but upon the insurer of the innocent party.

> The purpose of the uninsured motorist coverage is to compensate for bodily injury, sickness, or disease, including death resulting therefrom. It is not intended to punish the insured's insurance company for the wrongdoings of others.

*State Farm Mut. Auto. Ins. Co. v. Mendenhall, supra* note 1, at 344.[3]

The logic of this reasoning is compelling and persuasive; thus, we join the majority of jurisdictions on this issue and hold that KRS 304.20–020(1) does not require a liability insurer to provide UM coverage for punitive damages. Since the UM provision in Kentucky Central's policy mirrors the language of the statute, we also hold that Kentucky Central's policy does not independently provide UM coverage for punitive damages.

Appellees' reliance upon *Continental Ins. Cos. v. Hancock,* Ky ., 507 S.W.2d 146 (1973) is misplaced. The policy at issue in that case was not an automobile insurance policy, but, presumably, a commercial business-owner's policy. The injuries in that case were inflicted by the defendant's employees during a barroom brawl. The issue was whether *the defendant's* insurance company was required to pay punitive damages *under the liability coverage* of its policy for the grossly negligent conduct of the employees of its own insured. The liability coverage of Continental's policy required the insurer to "pay *all sums* which [the insured] should become legally obligated to pay *by reason of an accident resulting in bodily injury.*" *Id.* at 148 (emphasis added). On the other hand, the UM provision of Kentucky Central's policy requires it to "pay *damages* which an 'insured' is legally entitled to recover ... *because of 'bodily injury'* ... [c]*aused by an accident.*" (Emphasis added.) Thus, Continental's liability coverage obligated it to pay *all damages* arising out of any accident which resulted in bodily injury, whereas Kentucky Central's UM coverage obligates it to pay only *damages for bodily injury* caused by an accident.

Accordingly, the opinion of the Court of Appeals is reversed and the judgment of the Kenton Circuit Court is reinstated.

All concur.

---

**3.** *See also State Farm Mut. Auto. Ins. Co. v. Wilson, supra,* at 731; *California State Auto. Ass'n Inter–Ins. Bureau v. Carter, supra* note 1, at 143; *Roman v. Terrell, supra* note 1, at 86; *Braley v. Berkshire Mut. Ins. Co., supra* note 1, at 362; *State Farm Mut. Auto. Ins. Co. v. Daughdrill, supra* note 1, at 1052; *Aetna Cas.* *& Sur. Co. v. Craig, supra* note 1, at 215; *Vanderlinden v. United Servs. Auto. Ass'n Property & Cas. Ins. Co., supra* note 1, at 242; *Burns v. Milwaukee Mut. Ins. Co., supra* note 1, at 64–65; *Santos v. Lumbermens Mut. Cas. Co., supra* note 1, at 990.