

# Fourth Court of Appeals

## San Antonio, Texas

### CONCURRING OPINION

No. 04-16-00773-CV

**FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY**,
Appellant

v.

Jennifer L. **ZUNIGA** and Janet Northrup
as Trustee for the Bankruptcy Estate of Christopher J. Medina,
Appellees

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-11445
Honorable Cathleen M. Stryker, Judge Presiding

OPINION CONCURRING IN THE DENIAL OF APPELLEES'
MOTION FOR EN BANC RECONSIDERATION

Concurring Opinion by: Sandee Bryan Marion, Chief Justice
Sitting en banc:      Sandee Bryan Marion, Chief Justice
                Karen Angelini, Justice
                Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed:  March 14, 2018

I concur in the order denying appellees' motion for en banc reconsideration and write this

opinion to emphasize the legal standard governing our review of the policy language in question

and to note Texas Supreme Court Chief Justice Nathan Hecht's views on the El Paso court's

decision in *Manriquez v. Mid-Century Ins. Co. of Tex.*, 779 S.W.2d 482 (Tex. App.—El Paso 1989,

writ denied), *disapproved of on other grounds by Trinity Universal Ins. Co. v. Cowan*, 652 S.W.2d 819 (Tex. 1997).

The opinion dissenting to the denial of appellees' motion for en banc reconsideration applies the legal standard applicable when a policy is ambiguous. In applying that legal standard, the dissenting opinion strictly construes the phrase "for bodily injury" against appellant and in appellees' favor. *See Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 258 (Tex. 2017) (per curiam) (noting construction favoring the insured must be adopted if policy is ambiguous). In construing the phrase in this manner, however, the dissenting opinion violates a settled rule of contract interpretation by isolating the term "damages" from the remainder of the sentence describing the scope of coverage, i.e., "We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident." The Texas Supreme Court has instructed that in construing an insurance policy, "'[N]o one phrase, sentence, or section [of a contract] should be isolated from its setting and considered apart from the other provisions.'" *Id.* (quoting *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 134 (Tex. 1994)). Similarly, no single word "should be isolated from its setting and considered apart from the other provisions." *Id.*

With regard to the dissenting opinion's reliance on the El Paso court's holding in *Manriquez*, in a concurring opinion in *Fairfield Ins. Co. v. Stephens Martin Paving, LP*, Chief Justice Hecht questioned the El Paso court's holding, asserting:

> Standard form personal automobile policies do not state specifically whether punitive damages are covered, and while two courts have concluded that punitive damages are damages for bodily injury covered by automobile policies, that position has been uniformly rejected in the context of uninsured and underinsured motorist coverage and is therefore dubious at best.

246 S.W.3d 653, 683 (Tex. 2008) (Hecht, J., concurring) (citing *Manriquez*, 779 S.W.2d at 484-85, and *Dairyland Cty. Mut. Ins. Co. v. Wallgren*, 477 S.W.2d 341 (Tex. Civ. App.—Fort Worth 1972, writ ref'd n.r.e.), as the two courts being referenced).[1]  In addition, with regard to the dissenting opinion's assertion that the appellant's position limits damages "to those that redress only physical damage to a human body," the majority opinion in *Fairfield Ins. Co.* already provides authority for rejecting that concern.  One of the cases cited by the Texas Supreme Court majority in *Fairfield Ins. Co.* was *Ky. Cent. Ins. Co. v. Schneider*, 15 S.W.3d 373 (Ky. 2000).  *Id*. at 660 n.12.  Although the policy in that case contained the broader phrase "because of bodily injury," the Kentucky Supreme Court noted the definitional difference between "damages for bodily injury" and "punitive damages" as follows:

> Damages for bodily injury are regarded as compensatory damages and include the expense of cure, value of time lost, fair compensation for physical and mental suffering caused by the injury, and for any permanent reduction of the power to earn money.  The object of compensatory damages is to make the injured party whole to the extent that it is possible to measure his injury in terms of money.  The object is not to place the plaintiff in a better position than he would have been had the wrong not been done.
>
> Punitive damages are damages, other than compensatory and nominal damages, awarded against a person to punish and to discourage him and others from similar conduct in the future.  It is an allowance of smart money as the penalty for egregious conduct, or even ... as an expression of the indignation of the jury.  From the injured party's perspective, punitive damages represent an additional, non-compensatory award based upon public policy concerns largely irrelevant to the issue of compensation.

*Id*. at 374-75 (internal quotations and citations omitted).  I agree with this definitional distinction and note that this definition of "damages for bodily injury" would not "create further disputes

---

[1] *Dairyland Cty. Mutl Ins. Co.*, the second opinion Chief Justice Hecht described as dubious in its conclusion that punitive damages are damages for bodily injury, is an "all sums" policy case.  The policy in that case provided for the payment of "all sums which the insured shall become legally obligated to pay as damages because of … bodily injury."  477 S.W.2d at 343.  I disagree that this "all sums" language is "similar" to the policy language in the instant case.

about the scope of coverage" as the dissenting opinion suggests but would simply not extend "damages for bodily injury" coverage to punitive damages.

With the foregoing comments, I concur in the order denying appellees' motion for en banc reconsideration.

Sandee Bryan Marion, Chief Justice